# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| SHAUNA HURLES, *et al.*, | ) CASE NO.: 3:23-cv-01986 |
| Plaintiffs, | ) JUDGE: JACK ZOUHARY |
| vs. | ) |
| TIFFIN UNIVERSITY, | ) |
| Defendant. | ) |

## DEFENDANT TIFFIN UNIVERSITY'S STATUS REPORT

Pursuant to the Court's order dated November 20, 2023 (the "Order"), Defendant Tiffin University ("Defendant") submits the following Status Report:

1. In the Order, the Court directed the Parties "to begin and complete Rule 26(a) disclosures and 'immerse' themselves in settlement discussions", and then advise the Court what the Parties "have accomplished and what they see as best next steps." (Doc No. 9, PageID # 83).

2. On December 13, 2023, Plaintiffs Shauna Hurles and Alex Tozzie ("Plaintiffs") sent Defendant a letter titled "Initial Disclosures" containing four-pages of document requests (the "December 2023 Letter"). In the December 2023 Letter, Plaintiffs did not provide initial disclosures or produce any documents to Defendant.

3. On January 3, 2024, Defendant provided Plaintiffs with Defendant's initial disclosures and more than 100 pages of documents that Defendant may use to support its defenses to Plaintiffs' claims, as Rule 26(a)(1)(A)(ii) requires. Defendant also requested that Plaintiffs provide initial disclosures that complied with Rule 26(a) (the "January 2024 Letter").

15294505.1

4. In the January 2024 Letter, Defendant advised Plaintiffs that, without adequate initial disclosures, Defendant could not comply with the Order's directive that the Parties "immerse" themselves in settlement discussions.

5. On January 16, 2024, Plaintiffs provided Defendant with Plaintiffs' initial disclosures but did not otherwise respond to the January 2024 Letter.

6. On January 17, 2024, Plaintiffs and Defendant participated in a conference call to discuss next best steps and prepare the joint status report required by the Order. However, the Parties were unable to reach an agreement regarding whether it would be most productive to continue engaging in settlement discussions, or whether the Parties should begin formal discovery.

7. Defendant disagrees with Plaintiffs' suggestion that the Order required Defendant to provide Plaintiffs with the "documents necessary to evaluate the Equal Pay Act claims set forth in the Complaint" or respond to Plaintiffs' burdensome document requests *before* formal discovery. (Doc No. 10, PageID # 85–86). To the contrary, the Order required Defendant to provide initial disclosures in compliance with Rule 26(a), which Defendant has done.

8. Based on Defendant's review of the calculation of damages set forth in Plaintiffs' initial disclosures, Defendant does not believe that it would be fruitful for the Parties to continue engaging in settlement discussions without the benefit of formal discovery.

15294505.1

Accordingly, Defendant respectfully requests that the Court issue an order:

a. lifting the temporary stay entered in the Order (the "Stay");

b. permitting Defendant to answer or otherwise respond to Plaintiffs' Complaint within 30 days after the Court lifts the Stay; and

c. setting a case-management conference so that the litigation may proceed to formal discovery.

Respectfully submitted,

*/s/ Rachel L. Hazelet*
Steven E. Seasly (0070536)
sseasly@hahnlaw.com
Rachel L. Hazelet (0097855)
rhazelet@hahnlaw.com
**HAHN LOESER & PARKS LLP**
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Phone: (216) 621-0150
Fax: (216) 241-2824

*Attorneys for Defendant Tiffin University*

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, a true and accurate copy of the foregoing was filed electronically, which will send notice to all counsel of record.

*/s/ Rachel L. Hazelet*
*One of the Attorneys for Defendant Tiffin University*

15294505.1