**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SHAUNA HURLES, *et al.*, | ) | CASE NO.: 3:23-cv-01986 |
| | ) | |
| Plaintiffs, | ) | JUDGE: JACK ZOUHARY |
| vs. | ) | |
| | ) | |
| TIFFIN UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT OF PARTIES' PLANNING MEETING**
**UNDER FED. R. CIV. P. 26(f) AND L.R. 16.3(b)**

1. A discovery planning meeting was held on **March 6, 2024,** and was attended by:

**Joseph Albrechta, Christopher Liebold** – Counsel for Plaintiffs Shauna Hurles and Alex Tozzie

**Steven Seasly, Rachel Hazelet** – Counsel for Defendant Tiffin University

2. The parties:

   **X**   **Defendant** believes that they have exchanged the pre-discovery disclosures (the actual documents – not just the list) required by Rule 26(a)(1) and the Case Management Conference (CMC) Notice;

   **Plaintiff** does not believe they have received requested discovery despite being directed by the Court to engage in "robust disclosures" in prior pre-trials and as such there continues to be a dispute. *See* Section 8(b).

   ____ Have permission from this Court to delay disclosure until after the CMC.

3. The parties recommend the following track:

   ____ Expedited     **X** Standard     ____ Complex

   ____ Administrative     ____ Mass Tort

4. Trial Month/Year:

Defendant: **January 2025**

Plaintiff recommends **August 2025** due to anticipated discovery disputes.

5. This case __X__ is/ _____ is not suitable for a Settlement/Mediation Conference. If yes, indicate if Court assistance is desired and how soon:

____ Shortly after CMC

_X_ After key discovery

____ Other

6. The parties _____ do/ __X__ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

7. Defendant agree that this case ___ does/ __X__ does not involve electronic discovery.

Plaintiff believes that the case **does** involve electronic discovery.

8. Recommended Discovery Plan:

   a. Describe anticipated e-discovery:

At this time, the parties do not anticipate that this case will involve a significant amount of e-discovery. From Defendant's perspective, there is a small universe of e-mail communications and pay records that are maintained using payroll software. To the extent that e-discovery is involved, the parties agree to comply with the default standard for e-discovery set forth in Appendix K to the Local Rules.

   b. Describe any anticipated discovery issues or potential problems:

- Plaintiff's position
  - Plaintiff has provided Defendant with proposed comparators that will be used to narrow the scope of Defendant's document production. Plaintiff recognizes that there may be privilege or FERPA issues that may have to be addressed and the parties are negotiating which programs may be excluded from discovery.

15433473.1

- Defendant's Position

    o Several of Plaintiffs' document requests implicate the Family Educational Rights and Privacy Acts ("FERPA") because they seek educational records and/or student information. An appropriate court order may be necessary for Defendant to produce such documents.

    o The Parties continue to negotiate over the scope of records that are relevant and discoverable for purposes of Plaintiffs' claims under the Equal Pay Act of 1963 (Count II) and R.C. 4111.17 (Count III). Plaintiffs have provided Defendant an initial identification of "comparator" programs with which Plaintiffs seek to compare themselves to establish claims under these statutes. At this time, Defendant anticipates that the parties will reach an agreement without the Court's assistance.

9. Recommended cut-off for amending the pleadings and/or adding additional parties:

Since the pleadings are already closed, and informal discovery is already underway, Defendant recommends a date of **May 1, 2024**. Plaintiffs disagree with Defendant's recommendation and instead ask the Court to permit Plaintiffs to amend the pleadings and/or add additional parties until **30 days after the close of paper discovery**.

10. Expert disclosures:

    a. Names by: **July 2024** – Defendant's suggestion

    b. Names by: **December 15, 2024** – Plaintiff's Suggestion

    c. Reports by: **August 2024** - Defendant's suggestion

    d. Reports by: **January 15 2025** - Plaintiff's suggestion

11. Discovery deadlines:

    a. Liability/Damages: **September 2024 -** Defendant's suggestion

    b. Liability/Damages: **February 2025 -** Plaintiff's suggestion

12. Recommended month/date for: telephone status with Court, or Joint Status Report filed by counsel: **June 2024.**

13. Other matters for the attention of the Court: None at this time.

3

15433473.1

Respectfully submitted,

| | |
|---|---|
| */s/ Joseph F. Albrechta (email consent)* | */s/ Rachel L. Hazelet* |
| Joseph F. Albrechta (0008478) | Steven E. Seasly, Esq. (0070536) |
| Christopher E. Liebold (100602) | sseasly@hahnlaw.com |
| **ALBRECHTA & LIEBOLD, LTD.** | Rachel L. Hazelet, Esq. (0097855) |
| 401 South St. | rhazelet@hahnlaw.com |
| Chardon, OH 44024 | **HAHN LOESER & PARKS LLP** |
| Telephone: (419) 332-9999 | 200 Public Square, Suite 2800 |
| Fax: (41) 333-8147 | Cleveland, Ohio 44114 |
| jalbrechta@lawyer-ac.com | Phone: (216) 621-0150 |
| cliebold@lawyer-ac.com | Fax: (216) 241-2824 |
| | |
| *Attorneys for Plaintiffs Shauna Hurles and Alex Tozzie* | *Attorneys for Defendant Tiffin University* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2024, a true and accurate copy of the foregoing was filed electronically, which will send notice to all counsel of record.

*/s/ Rachel L. Hazelet*
*One of the Attorneys for Defendant Tiffin University*

15433473.1